**FAR EASTERN DEPT. STORE U.S.A.–INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 84–1–00132.**

United States Court of International Trade.

Dec. 11, 1987.

Glad, White & Ferguson (Steven B. Lehat, Los Angeles, Cal., of counsel), for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, New York City (Barbara M. Epstein), Civil Div., Dept. of Justice Commercial Litigation Branch, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

WATSON, Judge:

This action is before the Court on cross-motions for summary judgments. The imported merchandise consists of men's casual footwear, described on the commercial invoices as "Kool Komforts." The merchandise has an appearance which matches its name in that it consists of a slip-on shoe with a cotton mesh upper portion and a rubber outer sole which has flecks of cork in its body. Circling the entire shoe and covering the line between the cotton upper and the outer sole is a jute band about three-quarter of an inch wide. Under the jute band is another encircling band composed of rubber which is glued and vulcanized to the cotton mesh upper portion and to the top of the undersole.

The merchandise was exported from Taiwan and entered at the Port of Honolulu, Hawaii between December 30, 1981 and July 11, 1983. It was classified under Item 700.67 TSUS and assessed with duty at 37.5% ad valorem, plus 90 cents per pair as other footwear having foxing or a foxing-like band wholly or almost wholly of rubber or plastics applied or molded at the sole and overlapping the upper.

Plaintiff claims that the merchandise is properly classifiable under Item 700.59 TSUS at 37% ad valorem, which provides for footwear of a slip-on type "except footwear having a foxing or foxing-like band wholly or almost wholly of rubber or plastic applied or molded at the sole and overlapping the upper." Although there is some confusion in the various statements of material facts submitted by the parties, the Court's examination of the various submissions on that subject allows it to conclude that there is no genuine material issue of fact in this case. The position of plaintiff appears to be that the rubber band encircling this shoe is not foxing, either because it is not visible, or because the shoe is not the type of shoe for which the foxing category was devised, or because the joinder of the jute to the rubber band created a composite band not subject to the foxing description.

In support of its presumptively correct classification of this footwear, the government has presented the affidavit of John P. O'Neil, the vice-chairman of Converse, Inc., a manufacturer of rubber and plastic-soled footwear in the United States and elsewhere. The affidavit clearly establishes that which is not really disputed, namely, that a rubber band encircling the shoe at the point where the sole meets the upper and helping to join the two is a foxing band. The plaintiff has not presented any evidence to raise an issue as to this basic fact.

The Court finds no support for plaintiff's contention that, as a matter of law, "visibility" is a criteria of a foxing or foxing-like band within the meaning of TSUS Items 700.59. The thorough analysis of foxing set out in TD 83–116, as an aid to customs officers does not make the visibility of the band an essential element of foxing. Nor would it be reasonable to find that the simple concealment of a foxing band would eliminate the underlying foxing as a factor in classification.

Plaintiff refers to the *Tariff Classification Study*, volume 7 at page 24 for the proposition that foxing is intended only to be an attribute of footwear having the general outward appearance of the traditional "sneaker" or "tennis shoe." Plaintiff offers the affidavit of William T. Hart, a director of the Office of Executive and

International Liaison at the United States International Trade Commission. That affidavit recounts Mr. Hart's recollection that the International Trade Commission decided to use foxing as the most easily indentifiable characteristic of certain footwear which trade agreement negotiators did not want to allow to receive the beneficial rate of duty under Item 700.59. He identifies this category as consisting principally of "sneakers" and similar styles of footwear and athletic footwear. This insight into the negotiating pre-history of Item 700.59, however, does not represent anything approaching a legislative history indicating an intent to limit foxing to athletic footwear or to foxing which was as visible as that on athletic footwear. See, *Kuehne & Nagel, Inc. v. United States,* — CIT — Slip Op. 86–138, fn. 9 (December 22, 1986) [Available on WESTLAW, 1986 WL 14793].

There is nothing before the Court to indicate that the rubber band and the jute band form one composite band, a circumstance which conceivably might make the band not wholly or almost wholly of rubber. It should be noted however that the band would still not escape the possibility of being a "foxing-like" band or a band composed chiefly of rubber. In any event, the examination of the samples submitted in conjunction with the motions and the relative ease with which the Court, without the use of tools, separated the jute band from the rubber band on plaintiff's Exhibit 1 clearly demonstrated that these bands are separate. The fact that the jute band may add strength to the joinder of the sole and the upper is irrelevant to this dispute.

In sum, an examination of the Item 700.-59 claim of plaintiff demonstrates on its face that Congress must have contemplated that footwear of the slip-on type included slip-on type footwear having a foxing or foxing-like band. Otherwise the deliberate exception of that footwear would have been pointless. In other words, if footwear having a foxing or foxing-like band referred only to footwear of the sneaker or athletic-type, an exception for such footwear from a provision covering footwear of the slip-on type would have been completely unnecessary. This shows

that it was within the contemplation of Congress that some footwear of the slip-on type had foxing or foxing-like bands. The footwear before the Court is a clear demonstration of the correctness of that contemplation.

For the reasons given above, it is the opinion of the Court that plaintiff's motion for summary judgment should be and the same hereby is denied and it is the further opinion of the Court that defendant's cross-motion for summary judgment should be and the same hereby is granted.